**AKERMAN LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

R. ADAM SWICK (*Pro Hac Vice Application forthcoming*)
adam.swick@akerman.com
500 West 5th Street,  Suite 1210
Austin, Texas 78701
Telephone: (737) 999-7103
Facsimile:  (512) 623-6701

*Attorneys for Mark Longbottom and Michael Lam
as Joint Official Liquidators of LM Fund One Ltd.*

**FILED**

Apr 19 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ JudePetersen    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

24MC706-MSB

IN RE: *EX PARTE* APPLICATION OF MARK LONGBOTTOM AND MICHAEL LAM AS JOINT OFFICIAL LIQUIDATORS OF LM FUND ONE LTD. (IN OFFICIAL LIQUIDATION) FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDINGS

Case No.: _____

*EX PARTE* **APPLICATION OF MARK LONGBOTTOM AND MICHAEL LAM AS JOINT OFFICIAL LIQUIDATORS OF LM FUND ONE LTD. (IN OFFICIAL LIQUIDATION) FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDINGS**

*Sidebar:* AKERMAN LLP — 633 WEST FIFTH STREET, SUITE 6400 LOS ANGELES, CALIFORNIA 90071 TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

2

3

4

5

6

7

8

9

10

11

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

Based upon the accompanying Memorandum of Points and Authorities, and Declaration of Mark Longbottom and the Exhibits attached thereto, applicants Mark Longbottom and Michael Lam as Joint Official Liquidators ("JOLs" or "Applicants") of LM Fund One Ltd. ("LM Fund"), through their attorneys, hereby apply to this Court for an *ex parte*[1] order granting this application and entering an order pursuant to 28 U.S.C. § 1782: (i) authorizing LM Fund to serve East West Bank ("East West Bank" or "Bank") with a subpoena substantially in the form of **Exhibit A**; (ii) directing East West Bank to produce documents responsive to the subpoena; and (iii) directing other relief as this Court deems just and proper.

LM Fund respectfully requests that the Court order the production of documents specified in the subpoena within 14 days of service of the same, unless otherwise agreed by the parties.

## **JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 331 and 1782. This Court has personal jurisdiction over East West Bank because its principal place of business is in La Mesa, California.[2]

*[Remainder of page intentionally left blank]*

---

[1] ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012); *see also In re Clerici*, 481 F.3d 1324 (11th Cir. 2007) (district courts may, and indeed typically do, grant § 1782 relief on an *ex parte* basis); *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect there to *ex parte*.").

[2] East West Bank regularly conducts business and has several offices in this District, including but not limited to, offices at 7320 Clairemont Mesa Blvd., San Diego, CA 92111. In addition, East West Bank maintains a registered agent in the State of California.

**APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

75996538;1

DATED:  April 19, 2024          **AKERMAN LLP**


By: */s/ Evelina Gentry*_____
Evelina Gentry
R. Adam Swick (*Pro Hac Vice* Application forthcoming)
Attorneys for Mark Longbottom and Michael Lam as Joint Official Liquidators of LM Fund One Ltd.

**AKERMAN LLP**

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AKERMAN LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

R. ADAM SWICK (*Pro Hac Vice Application forthcoming*)
adam.swick@akerman.com
500 West 5th Street,  Suite 1210
Austin, Texas 78701
Telephone: (737) 999-7103
Facsimile:  (512) 623-6701

*Attorneys for Mark Longbottom and Michael Lam
as Joint Official Liquidators of LM Fund One Ltd.*

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF MARK LONGBOTTOM AND MICHAEL LAM AS JOINT OFFICIAL LIQUIDATORS OF LM FUND ONE LTD. (IN OFFICIAL LIQUIDATION) FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDINGS | Case No.: _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE *EX PARTE* APPLICATION OF MARK LONGBOTTOM AND MICHAEL LAM AS JOINT OFFICIAL LIQUIDATORS OF LM FUND ONE LTD. (IN OFFICIAL LIQUIDATION) FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDINGS** |

1

# TABLE OF CONTENTS

2

**Page**

3

I.   INTRODUCTION ............................................................................ 1

II.  FACTUAL BACKGROUND ........................................................... 2

    A.   LM FUND ............................................................................ 2

    B.   EVENTS LEADING TO LIQUIDATION .......................... 3

    C.   JOLS ACTIONS SINCE APPOINTMENT AND NEED FOR
       BANK RECORDS ................................................................ 3

III. NATURE OF THE EVIDENCE SOUGHT AND RELIEF REQUESTED ... 5

IV.  ARGUMENT ................................................................................... 6

    A.   STANDARD FOR GRANTING RELIEF ............................ 6

    B.   THIS COURT IS AUTHORIZED TO GRANT RELIEF .................. 8

        i.    The Applicants are Interested Persons ......................... 8

        ii.   The Request Seeks Documentary and Testimonial Evidence .... 8

        iii.  The Evidence is "For Use" in a Proceeding Before a Foreign
            Tribunal ..................................................................... 9

        iv.   The Discovery Target, East West Bank, Resides or Is Found
            In This District ......................................................... 10

    C.   THIS COURT SHOULD EXERCISE ITS DISCRETION IN
       FAVOR OF GRANTING RELIEF ..................................... 11

V.   CONCLUSION ............................................................................... 12

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

75996538;1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Gushlak v. Gushlak,*
    486 F. App'x 215 (2d Cir. 2012) ........................................................................... 1

*In re Clerici,*
    481 F.3d 1324 (11th Cir. 2007) ............................................................ 1, 7, 9, 11

*In re Hapag-Lloyd Aktiengesellschaft,*
    No. 21-MC-80107, 2021 WL 1899928 (N.D. Cal. May 12, 2021) ..................... 7

*In re Letter of Request from Crown Prosecution Service of United Kingdom,*
    870 F.2d 686 (D.C. Cir. 1989) ............................................................................ 9

*In re Letters Rogatory from Tokyo Dist.,*
    539 F.2d 1216 (9th Cir. 1976) ............................................................................ 1

*In re Mireskandari,*
    No. 12-CV-2865, 2012 WL 12877390 (S.D. Cal. Dec. 20, 2012) ..................... 7

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004) ................................................................................... passim

*John Deere Ltd. v. Sperry Corp.,*
    754 F.2d 132 (3d Cir. 1985) .............................................................................. 8

**Statutes**

28 U.S.C. §§ 331 ........................................................................................................ 1

28 U.S.C. § 1782 ................................................................................................ *passim*

**Rules**

Federal Rule of Civil Procedure 45 .......................................................................... 1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

75996538;1

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Mark Longbottom and Michael Lam as Joint Official Liquidators (collectively, the "JOLs" or "Applicants") of LM Fund One LTD. ("LM Fund"), by and through their undersigned counsel, respectfully seek an order pursuant to 28 U.S.C. § 1782 ("Section 1782") to Obtain Discovery from East West Bank ("East West Bank" or the "Bank") for use in a foreign insolvency proceeding, case number FSD 255 OF 2023 (IKJ), (the "Cayman Insolvency Proceeding") pending before the Grand Court of the Cayman Islands (the "Cayman Court"). Through this *ex parte* application (the "Application"), LM Fund seeks the production of an unquestionably relevant and narrow set of documents necessary to potentially unveil fraudulent transfers and recover assets to be distributed to third-party creditors in the Cayman Insolvency Proceeding. In support, Applicants state as follows.

## I.   **INTRODUCTION**

The facts relevant to this Application are fully set forth in the Declaration of Mark Longbottom as of the Joint Official Liquidator of LM Fund ("Longbottom Decl."), attached as **Exhibit B** which is incorporated by reference as if fully set forth herein.

The Applicants seek assistance from this Court in obtaining documentary and testimonial evidence from East West Bank ("East West Bank" or "Bank"), a financial institution residing or found in this district.[3]

The documentary and testimonial evidence sought from the Bank is for use in the Cayman Insolvency Proceeding to potentially find assets that can be used to potentially satisfy claims of third-party creditors and repay investors once all creditors have been paid.

---

[3] East West Bank regularly conducts business and has several offices in this District, including but not limited to, offices at 7320 Clairemont Mesa Blvd., San Diego, CA 92111. In addition, East West Bank maintains a registered agent in the State of California.

## II.   FACTUAL BACKGROUND

### A.   LM FUND

LM Fund is a Cayman Islands entity that was incorporated in May 2017. *See* Longbottom Decl., ¶ 5. LM Fund operates as a mutual fund with an investment objective "to employ alternative investment strategies, either directly or through investment in Underlying Funds, in order to provide stable, risk-adjusted returns to investors." *See* Longbottom Decl., ¶ 6. LM Fund is registered as a mutual fund with the Cayman Islands Monetary Authority ("CIMA"). *See* Longbottom Decl., ¶ 7.

As of the date of Cayman Insolvency Proceeding, the Directors of LM Fund were Mr. Qiang Chen and Mr. Chi Sum Daniel Kan. *See* Longbottom Decl., ¶ 8. The same individuals are also directors of Airstream Investment Ltd ("Airstream"), the investment adviser to LM Fund. *See* Longbottom Decl., ¶ 8.

LM Fund's share of capital is comprised of management shares and participating shares. *See* Longbottom Decl., ¶ 9. 100% of the management shares are held by Airstream. *See* Longbottom Decl., ¶ 9. Under LM Fund's Amended and restated Memorandum and Articles of Association (dated  June 7, 2017) ("Memorandum and Articles of Association"), holders of management shares are conferred with various voting rights but do not participate in dividends or distributions from LM Fund. *See* Longbottom Decl., ¶ 9.

The participating shares are designated into the following three classes: Class A shares, Class B shares, and Class C shares. *See* Longbottom Decl., ¶ 10. Specifically, Class A Shares, Class B Shares, and Class C Shares each have different underlying investments that are not being managed as a commingled pool, and there is no legal segregation between the assets and liabilities of each separate Class of Participating Shares. *See* Longbottom Decl., ¶ 10. Accordingly, there is a risk that if the assets attributable to one Class are insufficient to meet the liabilities attributable to that Class, assets attributable to all other Classes may be used to meet such liabilities. *See*

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Longbottom Decl., ¶ 10.

## B.   EVENTS LEADING TO LIQUIDATION

The Cayman insolvency Proceeding stems from a request from a participant shareholder ("Investor") to redeem her investment in LM Fund. *See* Longbottom Decl., ¶¶ 11-12.

Between 2021 and 2023, the Investor made repeated requests for information, redemptions, and confirmation of investor status. *See* Longbottom Decl., ¶¶ 11-12. All to no avail. *See* Longbottom Decl., ¶¶ 11-12.

As a result of Investor's inability to redeem her investment in LM Fund and LM Fund's failure to provide Investor with the information and documents she requested, the Investor filed a petition with the Cayman Court seeking to windup LM Fund on September 4, 2023. *See* Longbottom Decl., ¶ 13.

On October 24, 2023, the petition was heard by the Cayman Court. *See* Longbottom Decl., ¶ 14. No one appeared on behalf of LM Fund. *See* Longbottom Decl., ¶ 14. As such, the Cayman Court entered an order to windup LM Fund in accordance with Cayman law and to appoint Mark Longbottom and Michael Lam of KRyS Global, Governors Square, Building 3, Ground Floor, 23 Lime Tree Bay Avenue, PO Box 31237, Grand Cayman, KY1-1205, Cayman Islands as joint official liquidators of LM Fund. *See* Longbottom Decl., ¶ 14. A copy of the Winding-Up Order dated October 24, 2023 is enclosed at **Exhibit B-1**.

## C.   JOLS ACTIONS SINCE APPOINTMENT AND NEED FOR BANK RECORDS

Since their appointment on October 24, 2023, the JOLs have taken numerous steps to windup the LM Fund and carry out their duties regarding the Cayman Insolvency Proceeding. *See* Longbottom Decl., ¶ 15. Most importantly, the JOLs have taken various step to recover LM Fund's books and records and any other relevant information in order to fully investigate LM Fund's affairs, including its financial

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

position, assets, and potential causes of action against third parties. *See* Longbottom Decl., ¶ 16.

The JOLs know that LM Fund owned a bank account with East West Bank— which is the bank account to which investors paid their subscription monies. *See* Longbottom Decl., ¶ 17. Records of LM Fund's bank account at East West Bank are necessary to the Cayman Insolvency Proceeding, specifically to determine if there was dissipation of assets prior to the closure of the account. *See* Longbottom Decl., ¶ 18. This information will allow the JOLs to pursue any potential causes of action in an effort to recover assets. *See* Longbottom Decl., ¶ 18.

On October 24, 2023, the JOLs contacted East West Bank and requested information about any bank accounts held by LM Fund at the Bank, including the bank account number ending in 3024. *See* Longbottom Decl., ¶ 19. Specifically, the JOLs requested bank statements for the previous five years, details of any loan or overdraft facilities, authorized signatory lists, and any other relevant records from East West Bank ("Banking Records"). *See* Longbottom Decl., ¶ 19. In that same correspondence with the Bank, the JOLs informed the Bank that they had been appointed by the Cayman Court and that they were authorized by the Cayman Court to take actions to wind up LM Fund—including a copy of the Winding Up Order entered by the Cayman Court. *See* Longbottom Decl., ¶ 19.

In response, representatives of East West Bank emailed the JOLs on November 1, 2023, to inform them that LM Fund's bank account has been closed. *See* Longbottom Decl., ¶ 20. East West Bank also stated that it is unable to provide bank statements or other information and documents without a court order or subpoena from the United States. *See* Longbottom Decl., ¶ 20.

On December 5, 2023, the JOLs sent a letter to East West Bank outlining their authority under the Cayman Islands' Companies Act (2023 Revision) ("Companies Act"). *See* Longbottom Decl., ¶ 21. Pursuant to Schedule 3, Part II of the Companies

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

75996538;1

Act, the JOLs have the "power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as that person considers necessary." *See* Longbottom Decl., ¶ 21. Pursuant to the Winding Up Order, the JOLs "are hereby sanctioned to exercise the following powers set out in Part I of the Third Schedule of the Companies Act [including] to control and otherwise deal with all existing bank accounts in the name of [LM Fund] and to open new bank accounts in the name of the [LM Fund]." *See* Longbottom Decl., ¶ 21.

On February 7, 2024, the Bank stated the following to the JOLs: "To be able to provide the documents requested below we will need a U.S. court order or a local subpoena." *See* Longbottom Decl., ¶ 22.

On February 8, 2024, the Bank responded and stated the following: "Let me reiterate, you are asking for bank documents for a closed account so you will need to provide a U.S. Court order or subpoena. The foreign court order has no jurisdiction over us." *See* Longbottom Decl., ¶ 23.

Accordingly, Applicants seek assistance from this Court as JOLs in the Cayman Insolvency Proceeding. *See* Longbottom Decl., ¶ 25. The JOLs have duties and rights which mandate and allow for the JOLs to access LM Fund's Banking Records, particularly the LM Fund's Banking Records as they pertain to the account ending in 3024 at East West Bank. *See* Longbottom Decl., ¶ 24.

## III.   NATURE OF THE EVIDENCE SOUGHT AND RELIEF REQUESTED

Applicants seek to gather testimonial or documentary evidence from East West Bank relevant to and likely probative to the Cayman Insolvency Proceeding of LM Fund in the Cayman Islands, specifically so that Applicants can use it in the Cayman Insolvency Proceeding and to determine if there may be any potential causes of action and/or dissipation of assets prior to the closure of LM Fund's bank account ending 3024 at East West Bank.

East West Bank resides or is found in this district, as it regularly conducts

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782
75996538;1

business in this District, including, but not limited to, offices at 7320 Clairemont Mesa Blvd., San Diego, CA 92111. In addition, East West Bank maintains a registered agent in the State of California.

Accordingly, Applicants seek evidence for use in the Cayman Insolvency Proceeding. The evidence sought through the instant Application will be used in the Cayman Insolvency Proceeding and in support of JOL's task to identify any potential causes of action and/or dissipation of assets prior to the closure of LM Fund's bank account ending 3024 at East West Bank.

Should the Court grant the Application, Applicants propose to serve a subpoena substantially in the form as that attached hereto as **Exhibit A** on the Bank. As demonstrated below, the Applicants have met the mandatory requirements to grant relief under Section 1782 and the discretionary factors weigh in favor of doing so. As such, this Court is authorized to grant relief and should, in exercise of its discretion, grant the relief requested herein.

## IV.   <u>ARGUMENT</u>

### A.   STANDARD FOR GRANTING RELIEF

Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49. Today, Section 1782 allows interested parties in foreign proceedings to seek a "broad range of discovery" so as to "assist foreign tribunals in obtaining relevant information that the tribunals may find useful." *Id.* at 262.

To obtain discovery under Section 1782, a party to a foreign proceeding need only demonstrate: (i) that the request is made by an interested person; (ii) that the evidence sought is for use in a proceeding in a foreign or international tribunal, and (iii)

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

that the person from whom discovery is sought resides in the district of the court receiving the application. *Id.* at 246; *In re Mireskandari*, No. 12-CV-2865, 2012 WL 12877390, at *2 (S.D. Cal. Dec. 20, 2012).

Next, once a District Court has determined that it is authorized to grant relief—by meeting the above four statutory requirements—the Court is free to grant discovery in its discretion. *See In re Clerici,* 481 F.3d 1324, 1334 (11th Cir. 2007) (granting relief, but noting, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so") (internal citations omitted). To aid that discretion, the *Intel* court enumerated four discretionary factors:

    a. whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant;

    b. "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

    c. "whether the § 1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the Unites States;" and

    d. "whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

Further, district courts must exercise their discretion under Section 1782 in light of the twin aims of the statute: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 252; *In re Hapag-Lloyd Aktiengesellschaft*, No. 21-MC-80107, 2021 WL 1899928, at *2 (N.D. Cal. May 12, 2021) ("A district court's discretion is to be exercised in view of the twin aims of

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

§ 1782). Thus, Section 1782 has been broadly interpreted to permit U.S. courts to grant "wide assistance" to foreign litigants. *See*, *e.g.*, *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 135 (3d Cir. 1985) ("The liberal intent to provide judicial assistance" has been "acknowledged" as Section 1782's "primary statutory goal.").

As demonstrated below, Applicant satisfies the statutory requirements and discretionary factors for granting relief. This Court should, in its discretion, grant the requested relief.

### B.   THIS COURT IS AUTHORIZED TO GRANT RELIEF

#### i.   The Applicants are Interested Persons

First, Applicants are interested persons in their capacities as JOLs appointed by the Cayman Court as part of the Cayman Insolvency Proceeding. *See* Longbottom Decl., ¶¶ 3, 4, 14, 16. As the Court in *Intel* noted, a "person who has 'participation rights' and 'possesses a reasonable interest in obtaining judicial assistance . . . qualifies as an interested person within any fair construction of that term.'" *Intel*, 542 U.S. at 256-7 (internal citations omitted); *accord Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F. 3d at 1269 ("As a party to the dispute, [Applicants] plainly is an 'interested person'").

Applicants are the appointed JOLs for LM Fund's Cayman Insolvency Proceeding appointed by the Cayman Court and have the duty to seek the banking information outlined in the proposed subpoena at **Exhibit A** from the Bank. *See* Longbottom Decl., ¶¶ 3, 4, 14, 16.

Accordingly, Applicants are interested persons within the meaning of the statute and possesses a reasonable interest in obtaining judicial assistance from this Court to aid in the Cayman Insolvency Proceeding in the Cayman Islands.

#### ii.   The Request Seeks Documentary and Testimonial Evidence

Second, if the instant Application is granted, Applicants will seek documentary and testimonial evidence from the Bank by serving a subpoena in a substantially similar

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

form as the subpoena attached as **Exhibit A** to this Application. *See* Longbottom Decl., ¶ 25.

Documentary and testimonial evidence is squarely within the contemplation of the statute. *See* 28 U.S.C. § 1782(a) (a district court may order a person to "give his testimony or statement or to produce a document or other thing"). Accordingly, Applicants also meets this second requirement for granting relief.

### iii.    The Evidence is "For Use" in a Proceeding Before a Foreign Tribunal

Section 1782 expressly provides that evidence sought through the statute should be "for use in a proceeding in a foreign or international tribunal, including criminal investigations before formal accusation." This encompasses the Cayman Insolvency Proceeding of LM Fund in the Cayman Islands. *See* Longbottom Decl., ¶¶ 25-29.

In addition, the Banking Records are properly "for use" in a pending or reasonably contemplated foreign proceeding. It is well settled that a Section 1782 application may seek evidence for use in a proceeding that has not yet begun but is within reasonable contemplation. *See Intel*, 542 U.S. at 258-9 ("Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicate proceedings. In 1964 . . . Congress also deleted the requirement that a proceeding be 'pending.' When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.") (internal citations omitted); *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1269 ("We agree that these contemplated proceedings satisfy section 1782."); *In re Clerici*, 481 F. 3d at 1333 ("the Supreme Court has recognized the broad range of discovery authorized under § 1782 and has held that § 1782 is not limited to proceedings that are pending or imminent") (internal citations omitted); *In re Letter of Request from Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 690-91 (D.C. Cir. 1989) ("none of [the cases] requir[e] that the proceeding be underway prior to the request for aid . . . we will not treat Congress'

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

75996538;1

deletion of the word 'pending' as a mistake or mere accident.") (internal citations omitted). In quantifying this standard, the Eleventh Circuit held that "the future proceedings must be more than speculative . . . a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1270. Here, Applicants also plan to use the Banking Records to identify possible future causes of action against LM Fund or third parties for dissipation of assets. *See* Longbottom Decl., ¶¶ 28. This kind of use of evidence is squarely within the statute.

Accordingly, Applicants meet third requirement as the evidence requested through the instant Application is for use in proceedings within the ambit of the statute.

### iv. The Discovery Target, East West Bank, Resides or Is Found In This District

Applicants seek documentary and testimonial evidence from a financial institution that resides or is found in this District. A person "resides or is found in" this District if that person may be served with a subpoena here. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1269 ("JAS USA…has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida.").

Here, Applicant seeks evidence from East West Bank. East West Bank regularly transacts business in this district, maintaining approximately 46 branches in California. *See* East West Bank, https://www.eastwestbank.com/en/branch-locator/results, last accessed April 3, 2024. East West Bank is registered to do business in California, and its registered agent is located in this district: Lisa Kim, 135 N Los Robles Avenue, 7th Floor, Pasadena, CA 91101. *See* California Business Search Results for East West Bank, https://bizfileonline.sos.ca.gov/search/business, last accessed April 3, 2024.

As such, Applicants have met each mandatory requirement for granting relief.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## C.     THIS COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF GRANTING RELIEF

As noted above, once a district court has determined that the mandatory requirements for relief under Section 1782 are met, the court is free to grant discovery in its discretion. Here, each of the four discretionary factors weighs in favor of granting the requested relief.

First, there is no expectation that the Bank will be a party in the ongoing Cayman Insolvency Proceeding in the Cayman Islands, where the Bank is not currently a party and is not expected to become one in the future. *See* Longbottom Decl., ¶ 29. Indeed, absent the requested judicial assistance through the instant proceeding, the documents sought here would almost certainly remain outside the reach of the Cayman Court. *See* Longbottom Decl., ¶¶ 19-23. Further, testimonial evidence from a representative from East West is necessary to explain the Banking Records to be produced and to clarify any issues with the documents that might be necessary.

Second, there is no indication that the Cayman Court would not be receptive to the judicial assistance of this Court. *See* Longbottom Decl., ¶ 30.

Third, the Applicants have advised that the instant Application does not otherwise circumvent any proof-gathering restrictions under Cayman law. *See* Longbottom Decl., ¶ 31.

Fourth, because this Application seeks limited and targeted documents and information for a reasonably defined and limited period of time, specifically January 1, 2018 through September 30, 2021, this Application is not unduly intrusive or burdensome.[4] *See* **Exhibit A**; *See* Longbottom Decl., ¶ 32.

---

[4] It is notable that a request is not intrusive or unduly burdensome simply because it may request a large volume of documents, as "[s]ection 1782 does not require that every document discovered be actually used in the foreign proceeding." Weber v. Finker, 554 F.3d 1379, 1385 (11th Cir. 2009). Nevertheless, "[t]he Supreme Court in Intel added that 'unduly intrusive or burdensome requests may be rejected or trimmed.'" In re Clerici, 481 F.3d at 1334 (citing Intel). Thus, if this Court is not inclined

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**APPLICATION OF LM FUND ONE LTD. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

75996538;1

As such, each discretionary factor identified by the *Intel* Court weighs in favor of granting the Application.

## V. <u>CONCLUSION</u>

WHEREFORE, Applicants respectfully requests this Court to enter the Proposed Order attached hereto as **Exhibit C** or a substantially similar Order:

a. exercising its jurisdiction and discretion, pursuant to 28 U.S.C. § 1782, and granting this Application for Judicial Assistance;

b. ordering that discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure;

c. granting Applicants leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoena, in substantially the same form as the draft subpoena attached as **Exhibit A** to this Application, and take testimony through deposition;

d. pursuant to Section 1782 and to facilitate any testimony given in connection with this Application and Court Order, appointing Applicants as persons with the power to administer any necessary oath and take testimony or statement; and

e. any other relief this Court deems just and proper.

DATED:  April 19, 2024          **AKERMAN LLP**

By: */s/ Evelina Gentry*
Evelina Gentry
R. Adam Swick (*Pro Hac Vice* Application forthcoming)
Attorney for Mark Longbottom and Michael Lam as Joint Official Liquidators of LM Fund One Ltd.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

to grant Applicants request for assistance in whole, Applicants suggests that it should do so in part. See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A., 747 F.3d at 1273 ("the basic concern raised by the panel in In re Clerici remains: it is a tall order indeed for a party resisting a section 1782 application to establish on appeal that the district court abused its broad discretion in granting any discovery at all.").

# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

IN RE: *EX PARTE* APPLICATION OF MARK )
LONGBOTTOM AND MICHAEL LAM AS )
JOINT OFFICIAL LIQUIDATORS OF LM FUND )
ONE LTD. (IN OFFICIAL LIQUIDATION) )      Civil Action No.
FOR AN ORDER PURSUANT TO 28 )
U.S.C. § 1782 TO OBTAIN DISCOVERY )
IN AID OF FOREIGN PROCEEDINGS. )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   East West Bank
      7320 Clairemont Mesa Blvd
      San Diego, CA 92111.

*(Name of person to whom this subpoena is directed)*

✔ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See attached Schedule A

| Place:  Akerman LLP<br>601 W 5th St UNIT 300<br>Los Angeles, CA 90071 | Date and Time: |
|---|---|

The deposition will be recorded by this method:   Stenographically and by video

✔ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See attached Schedule B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing  Mark Longbottom and Matthew Lam
who issues or requests this subpoena are: R. Adam Swick, Esq., adam.swick@akerman,com, Luis A. Perez, Esq., luis.perez@ akerman.com; and Genesis Martinez, Esq., genesis.martinez@akerman.com at Akerman LLP, 601 W 5th St UNIT 300, Los Angeles, CA 90071 and (213) 688-9500.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>DEFINITIONS (APPLICABLE TO SCHEDULES A AND B)</u>

1. "You", "Your", or "Bank" refers to the recipient of this Subpoena.

2. "Subject Entity" shall refer to the LM Fund One LTD.

3. "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

4. "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp or Telegram; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

5. "Accounts" shall be construed in the broadest sense and shall include all bank and/or depository accounts at the Bank, including, but not limited to any credit, checking, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, in the name of the Subject Entity, or in which the Subject Entity is an authorized signatory. "Account" also includes, but is not limited to the following bank and/or depository account:

   - Account Name: LM Fund One Ltd.;
   - Account Number: ████3024;
   - Routing Number: ████████.

6. "Property" refers to any tangible object, including but not limited to: real estate, vehicles, equipment and machinery, artwork, coins, jewelry, collectibles, sculptures, books and manuscripts, ethnographic arts, furniture and decorative arts, watches, musical instruments, drawings, photographs and prints.

7. "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

8. "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

9. The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

10. "Relating to" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

11. "Relevant Period" shall refer to the period of time beginning with and including January 1, 2018 through the present date.

12. "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

13. These requests shall be deemed continuing to require You to reasonably supplement. Your responsive production if You gain knowledge that Your response was incomplete.

## <u>GENERAL PROVISIONS</u>

1. You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf. You have the affirmative duty to contact any third party, including the foregoing, from whom you have "**the legal right to obtain the documents requested upon demand**." *Sergeeva v. Tripleton Int'l Ltd*., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); *SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984).

2. To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3. The documents produced pursuant to this Subpoena are to be segregated and identified by the number of the request to which the documents are responsive.

4. In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

   a) the date you believe such document became unavailable, lost, misplaced, or destroyed; and

   b) the reason why such document became misplaced, lost, or destroyed.

5. In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

    a) The name of each author, writer, sender, or initiator of such document or thing, if any;

    b) The name of each recipient, addressee or party for whom such document or thing was intended, if any;

    c) The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

    d) The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

    e) The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6. For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7. If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8. Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (*i.e.*, .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

    a) To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

     b)  To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9. To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10. These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

4

## SCHEDULE A

## DESIGNATED TOPICS

1. The person with most knowledge at the Bank regarding any Accounts of the Subject Entity.

2. The person with most knowledge at the Bank as to the Documents produced pursuant to Schedule B, including but not limited to, the topic of their authenticity.

## SCHEDULE B

## DOCUMENT REQUESTS

1. For the Relevant Period, and for each Account associated or belonging to the Subject Entity, all of the following Documents relating to such Account:

   a) account statements;

   b) wire transfer, EFT, or ACH payment requests for payments;

   c) wire transfer, EFT, or ACH payment confirmations, details, or receipts for payments;

   d) cancelled checks (front and back);

   e) check copies (front and back);

   f) deposit slips or receipts;

   g) all Documents and Communications showing any information related to transferees of wire transfers, EFT, or ACH payments;

   h) records reflecting the receipt or delivery of securities;

   i) applications for credit, including documentation attached to or provided in connection therewith;

   j) credit reports;

   k) signature cards;

   l) authorized signatory list;

   m) details of any loans or overdraft facilities;

75867886;1

      n)  account opening Documents, including, without limitation, Know Your Customer Documents; and

      o)  account closing Documents, including without limitation, all Communications regarding account status or closing.

2.  For the Relevant Period, all Communications between the Bank and the Subject Entity.

3.  Logs or spreadsheets listing all wire transfers initiated, originated, credited to, or ultimately received by the Subject Entity during the Relevant Period, in which transfers the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

6

# EXHIBIT B

**AKERMAN LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

R. ADAM SWICK (*Pro Hac Vice to be filed*)
adam.swick@akerman.com
500 West 5th Street,  Suite 1210
Austin, Texas 78701
Telephone: (737) 999-7103
Facsimile:  (512) 623-6701

*Attorneys for Mark Longbottom and Michael Lam*
*As Joint Official Liquidators of LM Fund Ltd.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF MARK LONGBOTTOM AND MICHAEL LAM AS JOINT OFFICIAL LIQUIDATORS OF LM FUND ONE LTD. (IN OFFICIAL LIQUIDATION) FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDINGS | Case No.<br><br>**DECLARATION OF MARK LONGBOTTOM AS JOINT OFFICIAL LIQUIDATOR OF LM FUND LTD. (IN OFFICIAL LIQUIDATION) IN SUPPORT OF APPLICATION FOR JUDICIAL ASSISTANCE** |

I, Mark Longbottom, under penalties of perjury, pursuant to 28 U.S.C. § 1746, do hereby declare:

1. I am over the age of 18 and make this Declaration based on my personal knowledge.

2. I am the Managing Director of Krys & Associates Cayman Ltd t/a KRyS Global, Governors Square, Building 3 Ground Floor, 23 Lime Tree Bay Avenue, Grand Cayman KY1-1205.

3. On October 24, 2023, Michael Lam and I were appointed as joint official liquidators ("JOLs," "us," "our," or "we") of LM Fund One Ltd. ("LM Fund") a foreign insolvency proceeding (the "Cayman Insolvency Proceeding") pending before Grand Court of the Cayman Islands (the "Cayman Court"). *See* **Exhibit 1**.[1] Winding Up Order from the Cayman Court ("Winding Up Order") dated October 24, 2023. I make this Declaration in support of our Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application").

4. Michael Lam and I, in our capacities JOLs, seek assistance from the United States District Court in and for the Southern District of California to obtain documentary evidence from East West Bank ("East West" or "Bank"), a financial institution which resides or is found in this District. This evidence is for use in a foreign insolvency proceeding ("Cayman Proceeding") in the Cayman Court. JOLs respectfully request this Court's assistance to obtain crucial relevant evidence relating to the Cayman Proceeding.

**A. LM FUND**

5. LM Fund is a Cayman Islands entity that was incorporated in May 2017.

---

[1] All exhibits attached to this declaration are true and correct copies, but they have been redacted to protect account information and certain exhibits have not been attached to avoid repetition but are available upon request.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2

**DECLARATION OF MARK LONGBOTTOM**

75996613;1

6. LM Fund operates as a mutual fund with an investment objective to employ alternative investment strategies, either directly or through investment in Underlying Funds, in order to provide stable, risk-adjusted returns to investors.

7. LM Fund is registered as a mutual fund with the Cayman Islands Monetary Authority ("CIMA").

8. As of the date of Cayman Insolvency Proceeding, the Directors of LM Fund were Mr. Qiang Chen and Mr. Chi Sum Daniel Kan. The same individuals are also directors of Airstream Investment Ltd. ("Airstream"), the investment adviser to LM Fund.

9. LM Fund's share of capital is comprised of management shares and participating shares. 100% of the management shares are held by Airstream. Under LM Fund's Amended and restated Memorandum and Articles of Association (dated June 7, 2017) ("Memorandum and Articles of Association"), holders of management shares are conferred with various voting rights but do not participate in dividends or distributions from LM Fund.

10. The participating shares are designated into the following three classes: Class A shares, Class B shares, and Class C shares. Specifically, Class A Shares, Class B Shares, and Class C Shares each have different underlying investments that are not being managed as a commingled pool, and there is no legal segregation between the assets and liabilities of each separate Class of Participating Shares. Accordingly, there is a risk that if the assets attributable to one Class are insufficient to meet the liabilities attributable to that Class, assets attributable to all other Classes may be used to meet such liabilities.

## B. EVENTS LEADING UP TO LIQUIDATION AND LIQUIDATION

11. The Cayman Insolvency Proceeding stems from a request from a participant shareholder ("Investor") to redeem her investment in LM Fund.

12. Between 2021 and 2023, the Investor made repeated requests for information, redemptions, and confirmation of investor status. All to no avail.  For example:

   a. In May 2021, the Investor requested a partial redemption of $40,000 USD, but she was advised by Airstream that no redemption was possible due to the default of LM Fund's investment in a third party (Marketlend, an Australian marketplace lending platform for small and medium size enterprises). Yet, in December 2021, Marketlend informed the Investor that LM Fund's investment had been repaid to LM Fund approximately 18 months ago (in mid-2020).

   b. In January 2022, the Investor requested redemption notices from Circle Investment Support Services (Singapore) Ltd. (now known as Bolder Fund Services Singapore Pte Ltd.) which was the former administrator of LM Fund.

   c. In May 2022, the Investor requested redemption notices from IQ-EQ, the purported administrator. The Investor did not receive the requested notices and/or was referred to contact Airstream for further information on the financial position and affairs of LM Fund.

   d. In November 2022, the Investor repeated her request to Mr. Chen to redeem her investment, but no response was received.

   e. On June 15, 2023, Investor's legal counsel (Nelsons Attorneys at Law Ltd. in the Cayman Islands) sent a letter to IQ-EQ requesting confirmation of the Investor's status as a participating shareholder, copies of financial statements and investor reports, and an explanation for LM Fund's failure to respond to inquiries, and redemption requests. Investor's legal counsel did not receive a response to this letter from IQ-EQ, instead IQ-EQ simply stated that it was not the administrator of LM Fund.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

f.  Beginning in December 2021, the Investor wrote to the Cayman Islands Monetary Authority on multiple occasions outlining her concerns about LM Fund and: (a) the conduct of LM Fund's directors including the unannounced change of administrator from HC Global to Bolder Fund Services (Singapore) Pte Ltd.; (b) the failure to respond to requests for financial information and financial statements; (c) and the Investor's inability to redeem her investment.

g.  The Cayman Islands Monetary Authority did not respond to the Investor's written inquiry until April 25, 2022, where it stated that it had not identified any regulatory breaches but that it would continue to review LM Fund's operations.

13. As a result of Investor's inability to redeem her investment in LM Fund and LM Fund's failure to provide Investor with the information and documents she requested, the Investor filed a petition with the Cayman Court seeking to windup LM Fund on September 4, 2023.

14. On October 24, 2023, the petition was heard by the Cayman Court. No one appeared on behalf of LM Fund.  As such, the Cayman Court entered an order to wind-up LM Fund in accordance with Cayman law and to appoint me and Michael Lam of KRyS Global, Governors Square, Building 3, Ground Floor, 23 Lime Tree Bay Avenue, PO Box 31237, Grand Cayman, KY1-1205, Cayman Islands as JOLs of LM Fund. *See* **Exhibit 1**.

15. Since our appointment on October 24, 2023, the JOLs have taken numerous steps to windup the LM Fund and carry out our duties regarding the Cayman Insolvency Proceeding.

16. Most importantly, the JOLs have taken various step to recover LM Fund's books and records and any other relevant information in order to fully investigate LM

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   Fund's affairs including its financial position, assets, and potential causes of
2   action against third parties.

17. The JOLs know that LM Fund owned a bank account with East West Bank—
    which is the bank account to which investors paid their subscription monies.

18. Records of LM Fund's bank account at East West Bank are necessary to the
    Cayman Insolvency Proceeding, specifically to determine if there was dissipation
    of assets prior to the closure of the account. This information will allow the JOLs
    to pursue any potential causes of action in an effort to recover assets and to repay
    investors once all creditors have been paid.

19. On October 24, 2023, the JOLs contacted East West Bank and requested
    information about any bank accounts held by LM Fund at the Bank, including the
    bank account number ending in 3024. *See* **Exhibit 2**. Specifically, the JOLs
    requested bank statements for the previous five years, details of any loan or
    overdraft facilities, authorized signatory lists, and any other relevant records from
    East West Bank ("Banking Records"). *See* **Exhibit 2**. In that same
    correspondence with the Bank, the JOLs informed the Bank that they had been
    appointed by the Cayman Court and that they were authorized by the Cayman
    Court to take actions to wind up LM Fund—including a copy of the Winding Up
    Order entered by the Cayman Court. *See* **Exhibit 2**.

20. In response, representatives of East West Bank emailed the JOLs on November
    1, 2023 to inform them that LM Fund's bank account has been closed. *See*
    **Exhibit 3**. East West Bank also stated that it is unable to provide bank statements
    or other information and documents without a court order or subpoena from the
    United States. *See* **Exhibit 3**.

21. On December 5, 2023, the JOLs sent a letter to East West Bank outlining their
    authority under the Cayman Islands' Companies Act (2023 Revision)
    ("Companies Act"). *See* **Exhibit 3**. Pursuant to Schedule 3, Part II of the

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Companies Act, the JOLs have the "power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as that person considers necessary." *See* **Exhibit 3**. Pursuant to the Winding Up Order, the JOLs "are hereby sanctioned to exercise the following powers set out in Part I of the Third Schedule of the Companies Act [including] to control and otherwise deal with all existing bank accounts in the name of [LM Fund] and to open new bank accounts in the name of the [LM Fund]." *See* **Exhibit 3**.

22. On February 7, 2024, the Bank stated the following to the JOLs: "To be able to provide the documents requested below we will need a U.S. court order or a local subpoena." **Exhibit 4**.

23. On February 8, 2024, the Bank responded and stated the following: "Let me reiterate, you are asking for bank documents for a closed account so you will need to provide a U.S. Court order or subpoena. The foreign court order has no jurisdiction over us." **Exhibit 5**.

24. Accordingly, we seek assistance from this Court as JOLs in the Cayman Insolvency Proceeding. We have duties and rights which mandate and allow for us to access LM Fund's Banking Records, particularly the LM Fund's Banking Records as they pertain to the account ending in 3024 at East West Bank.

## C. THE REQUESTED EVIDENCE

25. We seek assistance from the United States District Court in and for the Southern District of California to obtain relevant and probative documentary evidence from East West for use in the Cayman Insolvency Proceeding.

26. LM Fund had a bank account at East West that was closed as of September 2021. *See* **Exhibit 4**.

27. Upon information and belief, LM Fund's bank account at East West may have been improperly dissipated.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

7

**DECLARATION OF MARK LONGBOTTOM**

28. The documents and testimony sought from East West is probative to the Cayman Proceeding, specifically so that Applicants can determine if there may be any potential causes of action and/or dissipation of assets prior to the closure of LM Fund's bank account ending 3024 at East West.

29. East West is not currently, and is not expected to be in the future, a party to the Cayman Proceeding. Indeed, absent the Application, the evidence sought through the Application would almost certainly remain outside the reach of the Cayman Court.

30. There is no indication the Cayman Court would not be receptive to the evidence sought through the Application. To the contrary, the Cayman Court would be receptive to evidence from the Bank that would aid in establishing dissipation of LM Fund's assets that would assist in the winding down of LM Fund.

31. The evidence sought through the Application does not circumvent any proof gathering restriction under Cayman Island law.

32. Finally, the evidence sought from East West is not unduly intrusive or unduly burdensome. JOLs seek only documentary and testimonial evidence concerning financial transactions related to any potential causes of action and/or dissipation of assets prior to the closure of LM Fund's bank account ending 3024 at East West Bank during the relevant period described in the Application. I am advised by counsel that this is the type of evidence regularly sought from financial institutions under the rules and practice of the United States District Courts.

*[Remainder of page intentionally left blank]*

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

8

**DECLARATION OF MARK LONGBOTTOM**

75996613;1

I declare under the penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

DATED this the __18th__ day of April, 2024.

_____

Mark Longbottom

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

9

**DECLARATION OF MARK LONGBOTTOM**

75996613;1

# EXHIBIT 1



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 255 OF 2023 (IKJ)**

**The Honourable Mr Justice Kawaley**

**IN THE MATTER OF the Companies Act (2023 Revision)**

**AND IN THE MATTER OF LM FUND ONE LTD**

—————————————————————

**WINDING UP ORDER**

—————————————————————

**UPON HEARING** the Petition of Ning Du (the "**Petitioner**") for the appointment of Joint Official Liquidators over LM Fund One Ltd (the "**Company**") dated 4 September 2023 (the "**Petition**")

**AND UPON** reading the First Affidavit of Ning Du sworn on 4ᵗʰ August 2023, the First Affidavit of Mark Longbottom sworn on 24ᵗʰ August 2023, the First Affidavit of Michael Lam sworn on 24ᵗʰ August 2023, the First Affidavit of Monina Thompson sworn on 24ᵗʰ August 2023 and the Second Affidavit of Monina Thompson sworn on 8ᵗʰ September 2023

**AND UPON** hearing counsel for the Petitioner

**AND UPON** there being no appearance on behalf of the Company

**IT IS ORDERED** as follows:-

1.  Mr Mark Longbottom and Mr Michael Lam both of Krys & Associates Cayman Ltd t/a KRyS Global, Governors Square, Building 3 Ground Floor, 23 Lime Tree Bay Avenue, Grand Cayman KY1-1205 be appointed as joint official liquidators of the Company (the **"JOLs"**).

2.  The JOLs shall not be required to give security for their appointment.

3.  In addition to the powers prescribed in Part II of the Third Schedule to the Companies Act (2023 Revision) (the "**Companies Act**") which are exercisable without sanction of the Court,

the JOLs are hereby sanctioned to exercise the following powers set out in Part I of the Third Schedule of the Companies Act:

3.1. engage staff (whether or not as employees of the Company) to assist the JOLs in the performance of their functions;

3.2. engage attorneys and other professionally qualified persons to assist the JOLs in the performance of their functions, including in the United States, the United Kingdom, the Seychelles and/or in Greece, and on such terms as the JOLs may think fit, and to remunerate them out of the assets of the Company as an expense of the official liquidation;

3.3. bring legal proceedings in Hong Kong, the People's Republic of China, or Singapore (or in such other jurisdiction as the JOLs may deem necessary) in order to seek recognition of their appointment (if so advised), without further order of this Court; and

3.4. control and otherwise deal with all existing bank accounts in the name of the Company and to open new bank accounts in the name of the Company.

4. The powers bestowed upon the JOLs may be exercised by them within and outside of the Cayman Islands.

5. The JOLs are authorised to render and pay invoices out of the assets of the Company for their own remuneration, and are also authorised to meet all disbursements in connection with the performance of their duties out of the assets of the Company as an expense of the official liquidation.

6. No suit, action or other proceeding may be proceeded with or commenced against the Company except with the leave of the Court and subject to such terms as the Court may impose.

7. No disposition of the Company's property by or with the authority of the JOLs in carrying out their duties and functions and exercise of their powers under this Order shall be voided by virtue of section 99 of the Companies Act.

8. The JOLs be at liberty to apply generally.

9.  The Petitioner's costs of this Petition shall be paid out of the assets of the Company, as an expense of the official liquidation.

Dated the 24th day of October 2023

Filed the 24th day of October 2023

_____
**The Honourable Mr Justice Kawaley
JUDGE OF THE GRAND COURT**

**This Order** was filed by Nelsons, Attorneys-at-Law for the Petitioner, whose address for service is at Grand Pavilion, Bougainvillea Way, George Town, Grand Cayman

# EXHIBIT 2

**Mark Longbottom**

| | |
|---|---|
| **From:** | Michael Lam |
| **Sent:** | Tuesday, October 24, 2023 6:08 PM |
| **To:** | talk2us@eastwestbank.com |
| **Cc:** | Mark Longbottom |
| **Subject:** | LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank |
| **Attachments:** | 23-10-24 Notice of Appointment - Bank (East West Bank) - signed.pdf; FSD 255 OF 2023 (IKJ) Winding Up Order (sealed).pdf |
| | |
| **Importance:** | High |

Dear Sir/Madam

**LM Fund One Ltd. (In Official Liquidation) ("the Company")**

Please see the attached letter regarding the winding-up of the Company and appointment of Joint Official Liquidators.

We would be grateful if you could please immediately **<u>freeze</u>** the following bank account and any other bank accounts identified in the Company's name:

**Account Name: LM Fund One Ltd.**
**Account Number:** ███████3024
**Routing Number:** █████████

Kind regards

## MICHAEL LAM
Senior Manager

T +1 345 815 8432  M +1 345 922 5731
E Michael.Lam@krys-global.com  W KRyS-Global.com

## KRyS Global
Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 · Grand Cayman · KY1-1205 · Cayman Islands

Cayman Islands · BVI · Bermuda · Guernsey · Singapore · USA

Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 Grand Cayman · KY1-1205 · Cayman Islands

P +1 345 947 4700 · F +1 345 946 6728 · W KRyS-Global.com

24 October 2023

East West Bank
9300 Flair Drive, 4th Floor
El Monte
California 91731
USA

By email only: talk2us@eastwestbank.com

Dear Sirs

**Re:     LM Fund One Ltd. (In Official Liquidation) ("the Company")**
**         Notice of Appointment of Joint Official Liquidators**

Please be advised that on 24 October 2023 the Grand Court of the Cayman Islands resolved to wind up the Company and to appoint Mr. Mark Longbottom and Mr. Michael Lam of KRyS Global, Governors Square, Building 3, Ground Floor, 23 Lime Tree Bay Avenue, PO Box 31237, Grand Cayman, KY1-1205, Cayman Islands as Joint Official Liquidators of the Company ("**JOLs**").  Please find enclosed a copy of the court order for your records.

As a result of the JOLs' appointment, the directors no longer have the authority to act for and on behalf of the Company, and all dealings in the affairs and assets of the Company in the Cayman Islands and elsewhere must be authorised in writing by the JOLs.

The JOLs understand that the Company holds at least one (1) bank account with East West Bank as follows:

**Account Name:**       LM Fund One Ltd.
**Account Number:**     ████3024
**Routing Number:**

The JOLs' request that you immediately freeze the above bank account and any other bank accounts identified in the Company's name and do not allow any debit transactions to the account(s). Credit transactions may continue as normal.

In addition, please provide the following records as soon as possible:

- Bank statements for the previous 5 years.

- Details of any loan or overdraft facilities.

- Authorised signatory lists.

- Any other relevant records.

*KRyS Global is the brand used by a group of associated consulting firms, each of which practices in its own right and is an independent legal entity, and comprised of Krys & Associates Cayman Ltd., Krys & Associates (BVI) Ltd., Krys & Associates (Bermuda) Ltd., Krys Global (Guernsey) Ltd., Krys Global HK Ltd., Krys Global (UK) Limited, Krys & Associates Singapore Pte Ltd., and Krys Global USA Inc. The brand and trademark KRyS Global and other intellectual property rights used by members of the group is owned by Krys & Associates Cayman Ltd.*

*Employees of KRyS Global may as a term of their contract act as compulsory liquidators, voluntary liquidators, receivers, administrators, other court appointed roles or directors.  While these roles normally are personal in nature, to the extent the employees of KRyS Global are undertaking such roles as servants and agents of the entities, they shall incur no personal liability by reason of their appointment and any such liability is expressly excluded.  Such liability to the extent one is determined falls on the legal entity for which they are employed or was contracted to undertake the assignment.*

Should you have any queries or require any further information, please contact Mr. Michael Lam at Michael.Lam@KRyS-Global.com or by telephone at +1 345 815 8432.

Yours faithfully
**For and on behalf of**
**LM Fund One Ltd. (In Official Liquidation)**

**Mark Longbottom**
Joint Official Liquidator



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 255 OF 2023 (IKJ)**

**The Honourable Mr Justice Kawaley**

**IN THE MATTER OF the Companies Act (2023 Revision)**

**AND IN THE MATTER OF LM FUND ONE LTD**

_____

**WINDING UP ORDER**

_____

**UPON HEARING** the Petition of Ning Du (the "**Petitioner**") for the appointment of Joint Official Liquidators over LM Fund One Ltd (the "**Company**") dated 4 September 2023 (the "**Petition**")

**AND UPON** reading the First Affidavit of Ning Du sworn on 4th August 2023, the First Affidavit of Mark Longbottom sworn on 24th August 2023, the First Affidavit of Michael Lam sworn on 24th August 2023, the First Affidavit of Monina Thompson sworn on 24th August 2023 and the Second Affidavit of Monina Thompson sworn on 8th September 2023

**AND UPON** hearing counsel for the Petitioner

**AND UPON** there being no appearance on behalf of the Company

**IT IS ORDERED** as follows:-

1. Mr Mark Longbottom and Mr Michael Lam both of Krys &  Associates Cayman Ltd t/a KRyS Global, Governors Square, Building 3 Ground Floor, 23 Lime Tree Bay Avenue, Grand Cayman KY1-1205 be appointed as joint official liquidators of the Company (the **"JOLs"**).

2. The JOLs shall not be required to give security for their appointment.

3. In addition to the powers prescribed in Part II of the Third Schedule to the Companies Act (2023 Revision) (the "**Companies Act**") which are exercisable without sanction of the Court,

the JOLs are hereby sanctioned to exercise the following powers set out in Part I of the Third Schedule of the Companies Act:

3.1. engage staff (whether or not as employees of the Company) to assist the JOLs in the performance of their functions;

3.2. engage attorneys and other professionally qualified persons to assist the JOLs in the performance of their functions, including in the United States, the United Kingdom, the Seychelles and/or in Greece, and on such terms as the JOLs may think fit, and to remunerate them out of the assets of the Company as an expense of the official liquidation;

3.3. bring legal proceedings in Hong Kong, the People's Republic of China, or Singapore (or in such other jurisdiction as the JOLs may deem necessary) in order to seek recognition of their appointment (if so advised), without further order of this Court; and

3.4. control and otherwise deal with all existing bank accounts in the name of the Company and to open new bank accounts in the name of the Company.

4. The powers bestowed upon the JOLs may be exercised by them within and outside of the Cayman Islands.

5. The JOLs are authorised to render and pay invoices out of the assets of the Company for their own remuneration, and are also authorised to meet all disbursements in connection with the performance of their duties out of the assets of the Company as an expense of the official liquidation.

6. No suit, action or other proceeding may be proceeded with or commenced against the Company except with the leave of the Court and subject to such terms as the Court may impose.

7. No disposition of the Company's property by or with the authority of the JOLs in carrying out their duties and functions and exercise of their powers under this Order shall be voided by virtue of section 99 of the Companies Act.

8. The JOLs be at liberty to apply generally.

9.  The Petitioner's costs of this Petition shall be paid out of the assets of the Company, as an
    expense of the official liquidation.


Dated the 24th day of October 2023

Filed the 24th day of October 2023

_____
**The Honourable Mr Justice Kawaley**
**JUDGE OF THE GRAND COURT**


**This Order** was filed by Nelsons, Attorneys-at-Law for the Petitioner, whose address for service is at
Grand Pavilion, Bougainvillea Way, George Town, Grand Cayman

# EXHIBIT 3

## Mark Longbottom

**From:** Michael Lam
**Sent:** Tuesday, December 5, 2023 5:06 PM
**To:** James Miller
**Cc:** Kailie Zhang; Mari Lopez; Mark Longbottom
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank
**Attachments:** 23-12-05 Letter to East West Bank - signed.pdf; Companies Act (2023 Revision) - Schedule 3.pdf; LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank


Dear Mr. Miller

Please see the attached letter from the JOLs.

Kind regards

## MICHAEL LAM
Senior Manager

T +1 345 815 8432  M +1 345 922 5731
E Michael.Lam@krys-global.com  W KRyS-Global.com

## KRyS Global

Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 · Grand Cayman · KY1-1205 · Cayman Islands

Cayman Islands · BVI · Bermuda · Guernsey · Singapore · USA



---

**From:** Michael Lam
**Sent:** Wednesday, November 8, 2023 3:13 PM
**To:** James Miller <James.Miller@eastwestbank.com>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>; Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

Hi James

Are you able to confirm the date that the bank account was closed?

Kind regards

## MICHAEL LAM
Senior Manager

T +1 345 815 8432  M +1 345 922 5731
E Michael.Lam@krys-global.com  W KRyS-Global.com

## KRyS Global

Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 · Grand Cayman · KY1-1205 · Cayman Islands

Cayman Islands · BVI · Bermuda · Guernsey · Singapore · USA



---

**From:** James Miller <James.Miller@eastwestbank.com>
**Sent:** Wednesday, November 1, 2023 11:56 AM
**To:** Michael Lam <Michael.Lam@KRYS-GLOBAL.COM>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>
**Subject:** LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

> **Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning Mr. Lam,

LM Fund One Ltd.'s account with EWB was closed.  East West Bank cannot produce any documents unless we receive a valid U.S. Court order or legal subpoena.

Thank you,



James Miller
Risk & Operations Assistant Manager
Risk & Operations Depart
Main:626.371.8523
James.Miller@eastwestbank.com

9300 Flair Dr., 4th Fl.
El Monte, CA 91731

Read our Digital Magazine Reach Further

     

---

PLEASE READ: The information contained in this e-mail is confidential and intended for the named recipient(s) only. If you are not an intended recipient of this e-mail you must not copy, distribute or take any further action in reliance upon it and you should delete it and notify the sender immediately. E-mail is not a secure method of communication. East West Bank cannot accept responsibility for the accuracy or completeness of this message or any attachment(s). This e-mail is intended for information purposes only and is not a solicitation or offer to buy or sell securities or related financial instruments.

If you are a California resident, you may have certain rights under the California Consumer Privacy Act regarding your Personal Information. You can learn more about these rights by reviewing our CCPA Notice at Collection on our website at Eastwestbank.com/ca-notice-at-collection

Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 Grand Cayman · KY1-1205 · Cayman Islands

P +1 345 947 4700 · F +1 345 946 6728 · W KRyS-Global.com

5 December 2023

Mr. James Miller
Risk & Operations Department
East West Bank
9300 Flair Drive, 4th Floor
El Monte
California 91731
USA

By email only: James.Miller@eastwestbank.com; kailie.zhang@eastwestbank.com; mari.lopez@eastwestbank.com

Dear Mr. Miller

**Re:    LM Fund One Ltd. (In Official Liquidation) ("the Company")**

By letter dated 24 October 2023, the Joint Official Liquidators ("**JOLs**") provided notice of their appointment to East West Bank ("**Bank**") pursuant to the winding-up order dated 24 October 2023 ("**Order**").  A copy of the email attaching the notice of appointment and Order is enclosed.

The JOLs were appointed in accordance with the Cayman Islands' Companies Act (2023 Revision) ("**Companies Act**").  Pursuant to Schedule 3, Part II of the Companies Act, the JOLs have the "*power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as that person considers necessary.*"  Pursuant to the Order, the "*JOLs are hereby sanctioned to exercise the following powers set out in Part I of the Third Schedule of the Companies Act [including] to control and otherwise deal with all existing bank accounts in the name of the Company and to open new bank accounts in the name of the Company.*"  Enclosed are copies of Schedule 3 parts I and II.

By virtue of the powers outlined above, the JOLs requested various documents and information pertaining to the Company's bank account with the Bank including bank statements, authorised signatory lists and date of closure of the bank account.

In response, the Bank indicated that, in order to take instructions from the JOLs, the Bank would need a U.S. court recognition of the effectiveness of the JOLs' appointment.  Specifically, I refer to your email of 1 November 2023 in which you stated that "*East West Bank cannot produce any documents unless we receive a valid U.S. Court order or legal subpoena.*"

However, it should be noted that U.S. law does not require a foreign representative to obtain recognition by a U.S. court to exercise authority granted under foreign law which does not require comity or cooperation by a U.S. court.  The 9th Circuit Court of Appeals has specifically held that Chapter 15 recognition does not constrain a foreign representative from acts that do not require judicial assistance.

*KRyS Global is the brand used by a group of associated consulting firms, each of which practices in its own right and is an independent legal entity, and comprised of Krys & Associates Cayman Ltd., Krys & Associates (BVI) Ltd., Krys & Associates (Bermuda) Ltd., Krys Global (Guernsey) Ltd., Krys Global HK Ltd., Krys Global (UK) Limited, Krys & Associates Singapore Pte Ltd., and Krys Global USA, Inc. The brand and trademark KRyS Global and other intellectual property rights used by members of the group is owned by Krys & Associates Cayman Ltd.*

*Employees of KRyS Global may as a term of their contract act as compulsory liquidators, voluntary liquidators, receivers, administrators, other court appointed roles or directors.  While these roles normally are personal in nature, to the extent the employees of KRyS Global are undertaking such roles as servants and agents of the entities, they shall incur no personal liability by reason of their appointment and any such liability is expressly excluded.  Such liability to the extent one is determined falls on the legal entity for which they are employed or was contracted to undertake the assignment.*

See e.g. In re Lida, 377 B.R. 243, 258 (9th Cir. BAP 2007); In re Markus, 610 B.R. 64, 79 (Bankr. S.D.N.Y. 2019); In re Loy, 380 B.R. 154 (Bankr. E.D.VA 2007).  Based upon these precedents, it is submitted that U.S. court recognition, and the significant costs thereof, is not necessary under these circumstances for the JOLs to exercise the specific authority granted to them under the Order issued by the Grand Court of the Cayman Islands.  As such, the JOLs request that the Bank comply with the JOLs' requests for records and information without further delay.

Should you have any queries or require any further information, please contact Mr. Michael Lam at Michael.Lam@KRyS-Global.com or by telephone at +1 345 815 8432.

Yours Sincerely
**For and on behalf of**
**LM Fund One Ltd. (In Official Liquidation)**

**Mark Longbottom**
Joint Official Liquidator

# SCHEDULE 3

## Powers of Liquidators

*(section 110)*

### PART 1

### Powers exercisable with sanction

1.  Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

2.  Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

3.  Power to dispose of any property of the company to a person who is or was related to the company.

4.  Power to pay any class of creditors in full.

5.  Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

6.  Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

7.  Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

8.  The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

9.  The power to raise or borrow money and grant securities therefor over the property of the company.

10. The power to engage staff (whether or not as employees of the company) to assist that person in the performance of that person's functions.

11. The power to engage attorneys and other professionally qualified persons to assist that person in the performance of that person's functions.



SCHEDULE 3                                        Companies Act  (2023 Revision)

## *PART II*

## Powers exercisable without sanction

1.  The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as that person considers necessary.

2.  The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

3.  The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against that person's estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

4.  The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

5.  The power to promote a scheme of arrangement pursuant to section 86.

6.  The power to convene meetings of creditors and contributories.

7.  The power to do all other things incidental to the exercise of that person's powers.



# EXHIBIT 4

## Mark Longbottom

**From:** Mark Longbottom
**Sent:** Thursday, February 8, 2024 9:27 AM
**To:** James Miller; Michael Lam
**Cc:** Kailie Zhang; Mari Lopez
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank
**Attachments:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank


Dear Mr Miller

I refer to your email below.

Please do confirm you received the attached email and attachments thereto.  Should you feel you are still unable to respond to our requests I would suggest, if you haven't already, that you consult your attorneys to advise you accordingly with regard to the Joint Official Liquidators letter.

Should you have already consulted with your attorneys please do let me know their response so that we may proceed accordingly.

Kind Regards,

For and on behalf of
LM Fund One Ltd. (In Official Liquidation)

Mark Longbottom
**Joint Official Liquidator**


**KRyS** Global

tel +1 345 815 8413 | fax +1 345 946 6728

Mark.Longbottom@krys-global.com | www.KRyS-Global.com


**From:** James Miller <James.Miller@eastwestbank.com>
**Sent:** Wednesday, February 7, 2024 5:30 PM
**To:** Michael Lam <Michael.Lam@KRYS-GLOBAL.COM>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>; Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

**Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Mr. Lam,

To be able to provide the documents requested below we will need a U.S. court order or a local subpoena.

Thank you,



James Miller
AVP-Risk & Operations Assistant Manager
Risk & Operations Depart
Main:626.371.8523
James.Miller@eastwestbank.com

9300 Flair Dr., 4th Fl.
El Monte, CA 91731

Read our Digital Magazine Reach Further

    

---

**From:** Michael Lam <Michael.Lam@KRYS-GLOBAL.COM>
**Sent:** Wednesday, February 7, 2024 11:00 AM
**To:** James Miller <James.Miller@eastwestbank.com>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>; Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

> You don't often get email from michael.lam@krys-global.com. Learn why this is important

> CAUTION: This email is from an external sender. Don't click links or open attachments unless you recognize the sender and know the content is safe

Dear Mr. Miller

I would be grateful if you could please respond to my email below and provide the requested bank statements and authorised signatory list.

Kind regards

## MICHAEL LAM
Senior Manager

T +1 345 815 8432 M +1 345 922 5731
E Michael.Lam@krys-global.com W KRyS-Global.com

## KRyS Global

Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 · Grand Cayman · KY1-1205 · Cayman Islands

Cayman Islands · BVI · Bermuda · Guernsey · Singapore · USA

LinkedIn profile

---

**From:** Michael Lam
**Sent:** Friday, January 5, 2024 12:06 PM
**To:** James Miller <James.Miller@eastwestbank.com>

2

Cc: Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>; Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

Dear Mr. Miller

Thank you for confirming the approximate date of closure of the account.

As stated in my letter, we are also seeking copies of the bank statements and authorised signatory list.

Please provide bank statements for the period from January 2021 to September 2021.

Kind regards

## MICHAEL LAM
Senior Manager

T +1 345 815 8432 M +1 345 922 5731
E Michael.Lam@krys-global.com W KRyS-Global.com

## KRyS Global

Governors Square · Building 3 · Ground Floor · 23 Lime Tree Bay Avenue
PO Box 31237 · Grand Cayman · KY1-1205 · Cayman Islands

Cayman Islands · BVI · Bermuda · Guernsey · Singapore · USA



**From:** James Miller <James.Miller@eastwestbank.com>
**Sent:** Thursday, January 4, 2024 11:10 AM
**To:** Michael Lam <Michael.Lam@KRYS-GLOBAL.COM>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>; Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

> **Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning Mr. Lam,

The accounts for LM Fund One Ltd were closed in September of 2021. There are no accounts for this customer at East West Bank.

Thank you,

**EAST WEST BANK**

James Miller
AVP-Risk & Operations Assistant Manager
Risk & Operations Depart
Main:626.371.8523

3

# EXHIBIT 5

**Mark Longbottom**

---

| | |
|---|---|
| **From:** | James Miller <James.Miller@eastwestbank.com> |
| **Sent:** | Thursday, February 8, 2024 2:20 PM |
| **To:** | Mark Longbottom; Michael Lam |
| **Cc:** | Kailie Zhang; Mari Lopez |
| **Subject:** | RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank |

> **Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Longbottom,


Let me reiterate, you are asking for bank documents for a closed account so you will need to provide a **U.S. Court order or subpoena**. The foreign court order has no jurisdiction over us.


Thank you,



James Miller
AVP-Risk & Operations Assistant Manager
Risk & Operations Depart
Main:626.371.8523
James.Miller@eastwestbank.com

9300 Flair Dr., 4th Fl.
El Monte, CA 91731

Read our Digital Magazine Reach Further

    

---

**From:** Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>
**Sent:** Thursday, February 8, 2024 11:17 AM
**To:** James Miller <James.Miller@eastwestbank.com>; Michael Lam <Michael.Lam@KRYS-GLOBAL.COM>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

> You don't often get email from mark.longbottom@krys-global.com. Learn why this is important

> CAUTION: This email is from an external sender. Don't click links or open attachments unless you recognize the sender and know the content is safe

Dear Mr Miller

I conform receipt of your email below.

I should be grateful if you would confirm that it is the closing of the bank account that means that as of today you are not in control of property of LM Fund One Ltd (In Official Liquidation).

I would note that the definition of property can and does extend to company records and documentation which would include, by definition, bank statements.  Unless you have deleted all the company records, which I would be surprised if you have, you are still in possession of property of LM Fund One Ltd (In Official Liquidation).  Accordingly I look forward to receiving the bank statements as previously requested.

Kind Regards,
For and on behalf of
LM Fund One Ltd. (In Official Liquidation)

Mark Longbottom
**Joint Official Liquidator**

**KRyS** Global

tel +1 345 815 8413 | fax +1 345 946 6728

Mark.Longbottom@krys-global.com | www.KRyS-Global.com

---

**From:** James Miller <James.Miller@eastwestbank.com>
**Sent:** Thursday, February 8, 2024 2:02 PM
**To:** Mark Longbottom <Mark.Longbottom@KRYS-GLOBAL.COM>; Michael Lam <Michael.Lam@KRYS-GLOBAL.COM>
**Cc:** Kailie Zhang <Kailie.Zhang@EastWestBank.com>; Mari Lopez <Mari.Lopez@EastWestBank.com>
**Subject:** RE: LM Fund One Ltd. (In Official Liquidation) ("the Company") - East West Bank

> **Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Mr. Longbottom,

I don't think the cases being cited are applicable in our situation (1) you don't have pending case in the U.S. and (2) we don't have control over properties owned by a foreign debtor.  You are asking for bank documents for a closed account so you will need to provide a U.S. Court order or subpoena.  The foreign court order has no jurisdiction over us.

Thank you,



James Miller
AVP-Risk & Operations Assistant Manager
Risk & Operations Depart
Main:626.371.8523
James.Miller@eastwestbank.com

9300 Flair Dr., 4th Fl.
El Monte, CA 91731

Read our Digital Magazine Reach Further

# EXHIBIT C

1  **AKERMAN LLP**
2  EVELINA GENTRY (SBN 296796)
   evelina.gentry@akerman.com
3  633 West Fifth Street, Suite 6400
4  Los Angeles, California 90071
   Telephone: (213) 688-9500
5  Facsimile:  (213) 627-6342

6
7  R. ADAM SWICK (*Pro Hac Vice Application forthcoming*)
   adam.swick@akerman.com
8  500 West 5th Street,  Suite 1210
   Austin, Texas 78701
9  Telephone: (737) 999-7103
10 Facsimile:  (512) 623-6701

11 *Attorneys for Mark Longbottom and Michael Lam*
   *As Joint Official Liquidators of LM Fund One Ltd.*
12

13          **UNITED STATES DISTRICT COURT**
14
15          **SOUTHERN DISTRICT OF CALIFORNIA**
16

17 IN RE: *EX PARTE* APPLICATION OF       Case No.
   MARK LONGBOTTOM AND MICHAEL
18 LAM AS JOINT OFFICIAL                  **ORDER GRANTING APPLICATION**
   LIQUIDATORS OF LM FUND ONE            **FOR JUDICIAL ASSISTANCE**
19 LTD. (IN OFFICIAL LIQUIDATION)        **PURSUANT TO 28 U.S.C. § 1782**
   FOR AN ORDER PURSUANT TO 28
20 U.S.C. § 1782 TO OBTAIN DISCOVERY
   IN AID OF FOREIGN PROCEEDINGS
21

22
23
24
25
26
27
28

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROPOSED ORDER

THIS MATTER came before the Court upon the Application of Mark Longbottom and Michael Lam as Joint Official Liquidators ("JOLs" or "Applicants") of LM Fund One LTD. ("LM Fund") for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application"). The Court, having considered the § 1782 Application, the supporting material, and otherwise being fully advised in the premises, finds as follows:

The facts relevant to this Application are more fully set forth in Declaration of Mark Longbottom as Joint Official Liquidator of LM Fund One Ltd.

Applicants have met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

For purposes of the instant Application, the Court finds that Applicants seek evidence from a financial institution residing or are found in the Southern District of California.

The documentary and testimonial evidence sought through this Application is for use in foreign insolvency proceeding (the "Cayman Insolvency Proceeding") in the Cayman Islands before the Grand Court of the Cayman Islands, which is currently pending.

Applicants are interested persons, within the meaning of the statute, in the Cayman Insolvency Proceeding which is currently pending.

The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

More particularly: (1) the Discovery Target is not a party to the Cayman Insolvency Proceeding and is not expected to become a party thereto, thus, the need for this discovery is more apparent; (2) there is no indication that the Grand Court of the Cayman Islands would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

circumvent Cayman Islands proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the Discovery Target that is the type normally produced by financial institutions or persons in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

    i.    The Application is GRANTED;

    ii.    Any discovery taken pursuant to this Order, shall be granted by the Federal Rules of Civil Procedure;

    iii.    Applicants are authorized to issue and serve a subpoena on East West Bank in substantially similar form to the form attached to the Application;

    iv.    The Discovery Target is ordered to preserve all relevant and potentially relevant evidence in their possession, custody, or control until further order of this Court;

    v.    Nothing in this Order shall be construed to prevent the Applicants from seeking modification of this Order.

IT IS SO ORDERED, this _____ day of , _____ 2024.

_____
UNITED STATES DISTRICT COURT JUDGE

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

75996641;1